IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FINOVA CAPITAL CORPORATION,   )<br>                                                              )<br>                           Plaintiff,       )<br>                                                              )<br>               v.                                        )<br>                                                              )<br>JAMES BISHOP,                                )<br>                                                              )<br>                           Defendant.    ) | Judge Frederick J. Kapala<br>No. 3:08-cv-50060<br>JURY TRIAL DEMANDED |

**PLAINTIFF FINOVA CAPITAL CORPORATION'S *EX PARTE* MOTION FOR RELIEF FROM A FILING ERROR**

Plaintiff, FINOVA Capital Corporation ("FINOVA"), by its attorneys, Reed Smith LLP, respectfully requests that the Court transfer this case to the District Northern District of Illinois, Eastern Division, where it designated its Complaint to be filed.  At the outset, FINOVA stresses that this is by no means an "ordinary" motion to transfer but, rather, a motion for this Court to correct a filing error.

In short, FINOVA's counsel filed its Complaint in the U.S. District Court for the Northern District of Illinois, Eastern Division – with the case caption clearly designating the Eastern Division – yet the case was assigned to the Western Division.  FINOVA's counsel contacted the Clerk's office, which advised that it would have to proceed by motion, because the case had already been assigned.  In order to avoid filing what it viewed as an unnecessary motion, FINOVA's counsel voluntarily dismissed that action and re-filed.  However, the case was once again assigned to the Western Division.  Because Federal Rule of Civil Procedure 41(a) provides for only one voluntary dismissal, FINOVA now has no choice but to request that this Court provide relief from the error.

**FINOVA IS ENTITLED TO PROCEED IN EITHER DIVISION OF THE NORTHERN DISTRICT, BECAUSE THERE IS NO DIVISIONAL VENUE REQUIREMENT**

The Northern District "has no divisional venue requirement." *Howell v. Joffe*, 478 F. Supp. 2d 1014, 1021 (N.D. Ill. 2006). Accordingly, so long as venue lies in the Northern District, a plaintiff has the option of pursuing its action in either the Western Division or the Eastern Division. *Id.*; *see also Simes v. Jackson Nat'l Life Ins. Co.*, No. 05 C 3816, 2005 WL 2371969, at *2 (N.D. Ill. Sept. 22, 2005) (citing *German American State Bank ex rel. Estate Cowan v. U.S.*, No. 04 C 3218, 2004 WL 1535846 at *1 (N.D. Ill. Jul. 8, 2004)); *I & M Rail Link v. Northstar Navigation*, 21 F. Supp. 2d 849, 858 (N.D. Ill. 1998). Here, venue is appropriate in the Northern District, and Plaintiff FINOVA elected to proceed in the Eastern Division. *See Graham v. United Parcel Service*, 519 F. Supp. 2d 801, 809 (N.D. Ill. 2007) ("Since the Northern District has no divisional venue requirement, this case could have originally been filed in either division of the Northern District; venue is proper in the Northern District since it is undisputed that [defendant] does business within the district."). However, the case was mistakenly assigned this case to the Western Division.

Northern District Local Rule 5.1 provides that:

> [A] document initiating a case that should be filed in one of the divisions of this Court may be presented for filing to the assignment clerk of the other division. In such instances, *the person filing the document should clearly indicate that it is to be filed in the other division*.

(emphasis added). Here, counsel for FINOVA filed the Complaint in the Eastern Division, twice, and each time the case caption clearly specified that FINOVA was electing to proceed in the Eastern Division, which it is entitled to do. Indeed, even where a defendant has actually moved to transfer venue, "the plaintiff's choice of forum should rarely be disturbed." *Howell v. Joffe*, 478 F. Supp. 2d 1014, 1022 (N.D. Ill. 2006). Accordingly, FINOVA respectfully requests the Court to transfer this case back to the Eastern Division, where it should have been filed.

- 3 -

                      Respectfully submitted,

                      FINOVA CAPITAL CORPORATION

                      By:  /s/ John W. Moynihan
                            One of its attorneys

John W. Moynihan (ARDC  No. 6212061)
Gary S. Caplan (ARDC No. 6198263)
Joseph B. Prater (ARDC  No. 6290497)
Reed Smith LLP
10 S. Wacker Drive, Suite 4000
Chicago, IL  60606
(312) 207-3869