UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FINOVA CAPITAL CORPORATION, | ) | |
| | ) | Case No. 08 C 50060 |
| Plaintiff, | ) | |
| v. | ) | Judge Frederick J. Kapala |
| | ) | Magistrate P. Michael Mahoney |
| JAMES BISHOP, | ) | |
| | ) | Courtroom No. 220 |
| Defendant. | ) | |

**DEFENDANT JAMES BISHOP'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO CIV.R. 12(b)(6)**

NOW COMES Defendant, James Bishop ("Bishop"), by and through his attorneys, Carponelli & Krug, and for His Motion to Dismiss Plaintiff's Complaint, States as Follows:

**I. CASE BACKGROUND**

Bishop is a lawyer in good standing in the State of Illinois. He has practiced law continuously since 1966. On or about April 9, 2008, Plaintiff filed its Complaint in the above-captioned matter. In the Complaint, Plaintiff alleges that Bishop conspired with one of his former clients and her husband to backdate documents in an effort to transfer her personal assets and avoid the payment of debts to Plaintiff.

Given the allegations made in the Complaint and the related underlying actions upon which Plaintiff relies, it is apparent that Plaintiff's filing is beyond the limitations period, and is barred. For this reason, Defendant Bishop brings this Motion to Dismiss in lieu of filing an Answer.

**II. STANDARD OF REVIEW**

In considering a motion to dismiss, "the Court accepts as true the well-pleaded allegations in plaintiff's complaint and views those allegations and any reasonable inferences to be drawn

therefrom in the light most favorable to plaintiff." Yeksigian v. Nappi, 900 F.2d 101, 102 (7th Cir. 1990). The plaintiff is not required to set out in detail the facts upon which his claims are based; however, he must allege facts sufficient to outline the particular causes of action he intends to assert. Doe ex rel. Doe v. St. Joseph's Hospital, 788 F.2d 411, 414 (7th Cir.1986). The Court's analysis is limited solely to the allegations in plaintiff's complaint; it does not consider factual allegations contained only in a legal memorandum. Rodgers v. Lincoln Towing Service, Inc., 771 F.2d 194, 198 (7th Cir.1985). While providing a liberal construction to plaintiff's pleading, the Court is not required to accept legal conclusions either alleged or inferred from pleaded facts. Mescall v. Burrus, 603 F.2d 1266, 1269 (7th Cir.1979).

The Court will dismiss pursuant to Rule 12(b)(6), where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *see also* Prince v. Rescorp Realty, 940 F.2d 1104, 1106 (7th Cir.1991)." Lewis v. Northern Trust Co., 1992 WL 211069, *2 (N.D.Ill.). Dismissal "under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense. *See* United States v. Lewis, 411 F.3d 838, 842 (7th Cir.2005)." Hollander v. Brown, 457 F.3d 688, 691 (C.A.7 (Ill.), 2006).

### III. ARGUMENT

**A.    Plaintiff's Complaint Has Been Filed Beyond the Statute of Repose Period for Actions Against Attorneys in the State of Illinois, and Should Be Dismissed.**

Plaintiff''s Complaint acknowledges that Bishop is an attorney licenced to practice law in the state of Illinois, and alleges that he conspired with one of his former clients to create false

documents in a scheme to assist the client in the avoidance of payments to Plaintiff in the instant case. Plaintiff also alleges that Bishop fraudulently concealed the true nature of those documents concerning the transfer of the former client's assets, and fraudulently concealed his involvement therein. Plaintiff's allegations involve Bishop's acts and / or omissions in the performance of professional services as an attorney in the state of Illinois. Bishop contends that Plaintiff has filed the instant action beyond the applicable statute of repose period.

Under the "familiar rule of <u>Erie Railroad Co. v. Tompkins</u>, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), we apply Illinois substantive law to resolve this question. *See* <u>Guaranty Trust v. York</u>, 326 U.S. 99, 110, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) (holding that statutes of limitations are considered substantive matters for purposes of the Erie doctrine). Further, as a consequence of our obligation under Erie, we shall not anticipate changes to state law in the absence of concrete evidence that the state court would adopt that position today. *See* <u>Birchler v. Gehl Co.</u>, 88 F.3d 518, 521 (7th Cir.1996)." <u>Hollander v. Brown</u>, 457 F.3d 688, 692 (C.A.7 (Ill.), 2006).

Under the Illinois Code of Civil Procedure, the statute of repose for actions for damages based on tort, contract, or otherwise, in other words *any* type of action against an attorney arising out of an act or omission in the performance of professional services, is governed by 735 ILCS 5/13-214.3 – Attorneys, provided in its entirety below:

> Sec. 13-214.3. Attorneys.
>
> (a) <u>In this Section: "attorney" includes (i) an individual attorney, together with his or her employees who are attorneys</u>, (ii) a professional partnership of attorneys, together with its employees, partners, and members who are attorneys, and (iii) a professional service corporation of attorneys, together with its employees, officers, and shareholders who are attorneys; and "non-attorney employee" means a person who is not an attorney but is employed by an attorney.

(b) <u>An action for damages based on tort, contract, or otherwise (i) against an attorney arising out of an act or omission in the performance of professional services</u> or (ii) against a non-attorney employee arising out of an act or omission in the course of his or her employment by an attorney to assist the attorney in performing professional services <u>must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought</u>.

(c) Except as provided in subsection (d), <u>an action described in subsection (b) may not be commenced in any event more than 6 years after the date on which the act or omission occurred</u>.

(d) When the injury caused by the act or omission does not occur until the death of the person for whom the professional services were rendered, the action may be commenced within 2 years after the date of the person's death unless letters of office are issued or the person's will is admitted to probate within that 2 year period, in which case the action must be commenced within the time for filing claims against the estate or a petition contesting the validity of the will of the deceased person, whichever is later, as provided in the Probate Act of 1975.

(e) If the person entitled to bring the action is under the age of majority or under other legal disability at the time the cause of action accrues, the period of limitations shall not begin to run until majority is attained or the disability is removed.

(f) <u>This Section applies to all causes of action accruing on or after its effective date</u>.

*See* 735 ILCS 5/13-214.3 (West 2008) (underlining added).

In its Complaint, Plaintiff states that as a result of its investigation, including the inspection of electronic data from Bishop's computer, Plaintiff has determined that the documents it complains of were created in December of 2001 and January of 2002. *See* the Complaint, para.22. The instant lawsuit was filed on April 9, 2008, well in excess of the six year bar in bringing the action pursuant to 735 ILCS 5/13-214.3(c). On the face of its pleading, Plaintiff has established that its causes of action against Bishop are outside of the statute of repose period, and Plaintiff's Complaint against

Bishop should be dismissed with prejudice accordingly.

**B.     Plaintiff's Allegation of Fraud is Not Adequately Plead, and its Allegation of Fraudulent Concealment is Immaterial to the Matter in Issue.**

There is "a high standard of specificity required for pleading fraud claims." DOD Technologies v. Mesirow Ins. Services, Inc., 2008 WL 423444, 7 (Ill.App. 1st Dist., 2008); Board of Education v. A, C & S, Inc., 131 Ill.2d 428, 457, 546 N.E.2d 580 (1989). In order to state a claim for common law fraud in Illinois, "a plaintiff must allege that any misrepresentations were: (1) a false statement of material fact; (2) known or believed to be false by the party making them; (3) intended to induce the other party to act; (4) acted upon by the other party in reliance upon the truth of the representations; and (5) damaging to the other party as a result." Cwikla v. Sheir, 345 Ill.App.3d 23, 30, 801 N.E.2d 1103, 1109-110 (1st Dist., 2003). Fraud is defined as a "knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment." People v. Montoya, 373 Ill.App.3d 78, 82, 868 N.E.2d 389, 392 (2nd Dist., 2007) (quoting Black's Law Dictionary 670 (7th ed.1999)). The Defendant's "knowledge of the falsity of the statement, or a deliberate concealment with the intent to deceive, is an essential element of common-law fraud." Fox v. Heimann, 375 Ill.App.3d 35, 47, 872 N.E.2d 126, 138 (1st Dist., 2007). Plaintiff fails to allege any interaction between Bishop and Plaintiff, and makes no allegation as to Bishop's intention to induce Plaintiff to act in any way. Plaintiff also fails to allege that it "relied" on any of the supposed representations to its detriment. Plaintiff's allegations in its Complaint are insufficient, and it fails to state a cause of action for fraud against Bishop.

As to fraudulent concealment, "a plaintiff must allege (1) the concealment of a material fact; (2) the concealment was intended to induce a false belief, under circumstances creating a duty to

speak; (3) the innocent party could not have discovered the truth through reasonable inquiry or inspection, or was prevented from making reasonable inquiry or inspection, and relied upon misrepresentation as a fact that did not exist; (4) the concealed truth was such that the injured party would have acted differently if he had been aware of it; and (5) reliance by the person from whom the fact was concealed led to his injury." DOD Technologies v. Mesirow Ins. Services, Inc., 887 N.E.2d 1, 11, 320 Ill.Dec. 221, 231 (Ill.App. 1 Dist.,2008). Plaintiff does not state that it was prevented from making a reasonable inquiry or inspection of the documents it complains of. Plaintiff's fraudulent concealment allegations also fail to state that Bishop intended that Plaintiff rely on the supposed misrepresentation and concealment, and does not allege that Plaintiff actually relied on anything. Generally, "the concealment must consist of affirmative acts or representations that are calculated to lull or induce a claimant into delaying filing his claim or to prevent a claimant from discovering his claim. Smith v. Cook County Hospital, 164 Ill.App.3d 857, 115 Ill.Dec. 811, 518 N.E.2d 336 (1987). Mere silence on the part of the defendant and failure by the claimant to learn of the cause of action are not enough." Barratt v. Goldberg, 296 Ill.App.3d 252, 257, 694 N.E.2d 604, 608 (1st Dist., 1998). Plaintiff fails to allege that Bishop actively prevented Plaintiff from discovering anything, and, fails to state a cause of action for fraudulent concealment against Bishop.

Additionally, Plaintiff's pleading fails to consider that "the statute of repose is not subject to the discovery rule." O'Brien v. Scovil, 332 Ill.App.3d 1088, 1091, 774 N.E.2d 466, 468 (3rd Dist., 2002). Because the statute of repose "was designed to place an outer limit on the time in which claims may be brought, it is immaterial that [Plaintiff] did not discover her injury before it was barred." Id. Bishop denies any wrongdoing, but nevertheless Plaintiff's attempt at tolling the statute of repose is misplaced.

**C.    Plaintiff's Complaint Has Been Filed Beyond the Two Year Statute of Limitations Period for Actions Against Attorneys in the State of Illinois, and Should Be Dismissed.**

Bishop further contends that Plaintiff has filed the instant action beyond the applicable statute of limitations period.

Under the Illinois Code of Civil Procedure, the two year statute of limitations for damages based on tort, contract, or otherwise against an attorney arising out of an act or omission in the performance of professional services is governed by 735 ILCS 5/13-214.3, provided on pages 3 and 4, above. In order to fall within the statute of limitations period, the instant lawsuit must have been commenced within two years from the time Plaintiff knew or reasonably should have known of the alleged injury for which damages are sought. *See* 735 ILCS 5/13-214.3(b).

Plaintiff knew or reasonably should have known of the alleged falsifications it complains of in the instant suit more than two years before the filing of the instant lawsuit, as demonstrated by an earlier suit filed by Plaintiff. On or about July 2, 2004, Plaintiff Finova Capital Corporation filed suit against Bishop's alleged co-conspirator, Judy Petersen ("Petersen"). A copy of that complaint is attached hereto as group Exhibit "A." In that complaint, Plaintiff alleged, just as it does now, that Petersen's transfer of assets occurred on or about December 27, 2001. *See* Exhibit "A," ¶6. Plaintiff alleged further that it became aware of this conveyance on February 17, 2004. *See* Exhibit "A," ¶11. Plaintiff later filed a Motion to Disqualify Bishop as counsel on October 19, 2005, a copy of which is attached hereto as group Exhibit "B." This motion was predicated entirely on Plaintiff's belief that Bishop had knowledge regarding the same property transfer it complains about in the instant lawsuit, and Plaintiff's expectation that Bishop would be called as a witness as to the timing of the property transfer and whether Petersen was aware of Plaintiff's claim of debt at the time of the property

transfer.  *See* Exhibit B,  ¶¶11, 13, 14.

The date of the transfer in issue and Bishop's knowledge concerning the transfer was in issue well over two years before the instant case was filed.  Plaintiff admits by and through its Motion to Disqualify Bishop filed on October 19, 2005 that it knew or should have known of the issues it now complains of in the instant lawsuit.  A statement "of an agent, when made in the exercise of his duties and pertaining to matters within the scope of his authority, may constitute an admission binding on the principal which can be introduced substantively against the principal." Townsend v. Fassbinder, 2007 WL 1040973, 12 (Ill.App. 2nd Dist., 2007).  Admissions of fact "may be made by a party's attorney upon an issue involved in the case," Merritt v. Greves, 82 Ill.App.3d 863, 866, 403 N.E.2d 475, 477 (1st Dist., 1979), and, "a judicial admission may be made by a party's attorney." Dauen v. Board of Fire and Police Com'rs of City of Sterling, 275 Ill.App.3d 487, 491, 656 N.E.2d 427, 430 (3rd Dist., 1995).  The law of the relationship between principal and agent "is applicable to the relation of attorney and client, and the client is bound by the acts of his attorney within the scope of the authority of such attorney."  Bond v. Duntley Mfg. Co., 1915 WL 2523, 2 (Ill.App. 1st Dist., 1915).  The Motion to Disqualify Bishop filed on October 19, 2005 and signed by Plaintiff's attorney constitutes an admission of fact, and the contents of that Motion are not in dispute.  As can be seen in the Motion to Disqualify, Plaintiff has filed the instant lawsuit outside of the two year statute of limitations period, and Plaintiff's Complaint against Bishop should be dismissed with prejudice accordingly.

## V. CONCLUSION

For the above stated reasons, Defendant James Bishop respectfully requests this Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

WHEREFORE, Defendant James Bishop respectfully requests that judgment be entered in his favor and against Plaintiff, for attorneys' fees, costs and expenses, and for any other relief this Court deems just and proper.

Respectfully submitted,
James Bishop

By:   s/ Stephen Carponelli

One of his attorneys

Stephen P. Carponelli (ARDC 0397547)
Carponelli & Krug
230 West Monroe Street, Suite 250
Chicago, Illinois 60606
Tel:   (312) 372-2707
Fax:   (312) 641-6174

FILED
JUL 0 2 2004

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
MCHENRY COUNTY, ILLINOIS

FINOVA CAPITAL CORPORATION,    )
                               )
          Plaintiff,           )
                               )
vs.                            )   Case No.: 04LA206
                               )
JUDY PETERSEN and              )
MICHAEL J. PETERSEN,           )
                               )
          Defendants.          )

NOTICE
BY ADMINISTRATIVE ORDER 94-9 THIS CASE IS HEREBY SET FOR SCHEDULING CONFERENCE IN COURTROOM C340 ON 11/12, 20 04, AT 9 AM. FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.

**COMPLAINT**

NOW COMES the Plaintiff, FINOVA CAPITAL CORPORATION, by and through its attorneys, MICHLING HOFMANN VINTON PLAZA & WICK PC, and in support of its Complaint against the Defendants, states as follows:

1. That the Plaintiff is a corporation doing business in the State of Illinois.

2. That the individuals are husband and wife, and reside in the City of Crystal Lake, County of McHenry, State of Illinois.

3. That the Defendant, JUDY PETERSEN, was sued in the Circuit Court of McHenry County, by FINOVA CAPITAL CORPORATION, under case number 02 LA79.

4. That Judgment in that case was entered in favor of the Plaintiff and against JUDY PETERSEN for $93,224.60.

5. The original lawsuit was filed on March 14, 2002, and the Judgment was entered on February 7, 2003.

6. That on or about December 27, 2001, Defendant JUDY PETERSEN divested herself of all interest in real estate by transferring same out of her name and either to her husband personally, or into a trust of which her husband was the sole beneficiary.

7. That at the time of the transfer referenced in the above paragraph, there was an existing

EXHIBIT
group "A"

indebtedness owed by JUDY PETERSEN to FINOVA CAPITAL CORPORATION.

8. That the Defendant was aware of the debt alleged by FINOVA CAPITAL CORPORATION at the time of her divestment of all interest in real estate.

9. That the transfer from JUDY PETERSEN was to a family member, her husband.

10. That the purpose of the transfer from JUDY PETERSEN to her husband was for the sole purpose to avoid the ability of FINOVA CAPITAL CORPORATION to collect on the debt which was pending, ultimately sued upon, and upon which a judgment was entered.

11. That the transfer of the real estate became know to the Plaintiff herein at a Citation to Discover Assets proceeding conducted of JUDY PETERSEN on February 17, 2004.

12. That JUDY PETERSEN has retained insufficient property to pay the judgment entered in McHenry County case number 02 LA 79.

13. That the transfer from JUDY PETERSEN to her husband, as referenced in this Complaint was a voluntary act.

WHEREFORE, Plaintiff prays this Honorable Court to grant the following relief:

a. That the conveyance of any and all real estate done by JUDY PETERSEN to her husband from the years of 2000 through 2004 be declared a fraudulent conveyance;

b. That all properties transferred by JUDY PETERSEN to her husband during the above time frame be restored to her name and a further order forbidding Defendant JUDY PETERSEN to divest herself of those properties;

c. That Defendant MICHAEL J. PETERSEN be ordered to transfer back to JUDY PETERSEN any and all interest she held in any properties during the year of 2000 through 2004, or in the alternative that a judgment enter against MICHAEL J. PETERSEN for $93,224.60, plus pre judgment interest, cost of suit and attorney's fees;

d. That the Plaintiff be awarded its attorney's fees and cost of suit;

e.  Any and all other relief that Court deems fair and reasonable.

_____
NORMAN D. VINTON,
Attorney for Plaintiff

Prepared By:
NORMAN D. VINTON
ARDC NO.:  06204721
MICHLING HOFMANN VINTON PLAZA & WICK PC
101 N. Throop Street
Woodstock, IL  60098
P: (815) 338-9600
F: (815) 337-3611

NDV/ghs
N:\01TO3250\01-3171\Complaint.doc

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
McHENRY COUNTY, ILLINOIS

| | | |
|---|---|---|
| FINOVA CAPITAL CORPORATION, | ) | |
| Plaintiff(s), | ) | |
| v. | ) | 04 LA 206 |
| JUDY PETERSEN and MICHAEL J. PETERSEN, | ) ) | **FILED** |
| Defendants. | ) | OCT 19 2005 |

VERNON W. KAYS, JR.
McHENRY CTY. CIR. CLK.

## PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL FOR DEFENDANT

NOW COMES the Plaintiff, FINOVA CAPITAL CORPORATION, by and through its attorneys, MICHLING HOFMANN VINTON PLAZA & WICK PC, and hereby moves, pursuant to Illinois Supreme Court Rules of Professional Conduct 3.7, for the disqualification of counsel for Defendant, and in support of said motion, Plaintiff states as follows:

1. Plaintiff had previously filed an Amended Complaint against the Defendant Judy Peterson, d/b/a Bryk Pharmacy, in the Circuit Court of Cook County, Illinois captioned Finova Capital Corporation v. Bemark, Inc et al, Circuit Court No. 01 CH 03298 on August 14, 2001. The issue raised against Defendant in said Amended Complaint was that she was indebted to Plaintiff for certain sums of money as a result of leases held by Defendant. A copy of the Amended Complaint is attached hereto and marked as Plaintiff's Exhibit 1.

2. Attorney James Bishop was served the Amended Complaint as the attorney of record for Bryk Pharmacy on August 23, 2001. A copy of the Civil Process Proof of Service is attached hereto and marked as Plaintiff's Exhibit 2.

3. Defendant, Judy Petersen was served the Amended Complaint on August 24, 2004. A copy of the Civil Process Proof of Service is attached hereto and marked as Plaintiff's Exhibit 3.

1


EXHIBIT
group "B"

4. On October 17, 2001 Defendant, Judy Petersen was given until November 26, 2001 to file an answer and consult with counsel regarding the Plaintiff's Motion for Default Judgment in the aforementioned Cook County Case. A copy of said Order is attached hereto and marked as Plaintiff's Exhibit 4.

5. On November 27, 2001 Attorney James Bishop filed his appearance on behalf of the Defendant in the aforementioned Cook County Case. A copy of said appearance is attached and marked as Plaintiff's Exhibit 5.

6. On January 11, 2002, Defendant moved to dismiss the action against her pursuant to 735 ILCS 5/2-615 and motion was set for hearing on April 10, 2002 by an order entered on January 14, 2002. A copy of said Order is attached hereto and marked as Plaintiff's Exhibit 6.

7. Plaintiff filed a motion to voluntarily dismiss the Defendant stating that she had made a motion to dismiss based on Section 2-615 and that Plaintiff was seeking to re-file the matter in the Circuit Court of McHenry County, Illinois. A copy of said motion is attached hereto and marked as Plaintiff's Exhibit 7.

8. An Order dismissing the Defendant from the aforementioned Cook County Case without prejudice was entered on March 11, 2002, and Plaintiff subsequently file a Complaint against Defendant for the same cause of action in McHenry County, Illinois, Case No. 02 LA 79 on March 11, 2002. A copy of said Order is attached hereto and marked as Plaintiff's Exhibit 8; a copy of said Complaint is attached hereto and marked as Plaintiff's Exhibit 9.

9. Summary Judgment in favor of the Plaintiff against the Defendant for a sum in the amount of $93,224.10 was entered under the aforementioned McHenry County Case on February 7, 2003, which indicates Attorney James Bishop as Defendant's attorney. A copy of said judgment is attached hereto and marked as Plaintiff's Exhibit 10.

10. Plaintiff filed an action against Defendant in McHenry County Case No. 04 LA 206 alleging that Defendant, Judy Petersen fraudulently transferred her assets to avoid the aforementioned Judgment because it was discovered that Defendant was insolvent as a result of a transfer of all of her property in December, 2001.

11. A Response to Plaintiff's Motion for Summary Judgment under McHenry County Case No. 04 LA 206 was filed by Attorney Bishop's office on May 13, 2005, stating that Defendant had no knowledge of the Plaintiff's claim of debt against her prior to the aforementioned property transfer, and that no action was taken against Defendant by Plaintiff for said debt until March, 14, 2002. A copy of said response is attached hereto and marked as Plaintiff's Exhibit 11. Further, Attorney Bishop orally argued this point at the hearing on the Motion for Summary Judgment.

12. Plaintiff's cause of action against Defendant under Cook County Case No. 01 CH 03298 filed on August 14, 2001 and McHenry County Case No. 02 LA 79 is, in all material elements, the same.

13. Attorney James Bishop, having filed and appearance and making a motion to dismiss to Defendant from the Cook County case based on Section 2-615, having filed an appearance and representing the Defendant under the same cause of action in the McHenry County Case No. 02 LA 79, and having filed a response under McHenry County Case No. 04 LA 206 where it was stated that no action was taken in this matter by Plaintiff until March 14, 2002 and that Defendant had no knowledge of Plaintiff's claim of debt until after she made the property transfers in December, 2001, demonstrates that he has knowledge of whether the Defendant knew of Plaintiff's claim of debt against her prior to said property transfer.

14. Attorney James Bishop knows or reasonably should know that he may be called as a witness in Plaintiff's cause of action under McHenry County Case No. 04 LA 206 regarding Defendant's knowledge of Plaintiff's claim of debt.

3

15. Attorney James Bishop's testimony regarding Defendant's knowledge of Plaintiff's claim of debt will be prejudicial against the Defendant.

16. That the response to the Defendant's Motion for Summary Judgment filed by Attorney Bishop's office and the oral arguments of Attorney Bishop at the Hearing are in direct conflict with the court file of Cook County.

17. That the issue of what Judy Petersen knew at the time of the transfer of her assets is a material question of fact for which Attorney Bishop's testimony will be central and expectedly detrimental to Judy Petersen.

WHEREFORE, Plaintiff moves that this Honorable Court enter an order pursuant to Illinois Supreme Court Rule of Professional Conduct 3.7 disqualifying attorney Bishop from acting as counsel for Defendant in this case.

Respectfully Submitted,
FINOVA CAPITAL CORPORATION

BY: Paige D. Hoyt, Attorney
Michling Hofmann Vinton Plaza & Wick PC

Prepared by:
Paige D. Hoyt #6280252
Michling Hofmann Vinton Plaza & Wick PC
101 N. Throop Street
Woodstock, IL 60098
815/338-9600

PDH/shg
N:\03TO3250\03-3171\Motion to Disqualify Counsel for Defendant.doc

4

CIRCUIT COURT FOR THE 19th JUDICIAL CIRCUIT

STATE OF ILLINOIS  
COUNTY OF McHENRY } SS

FILED  
McHenry County, Illinois  
NOV 22 2005  
VERNON W. KAYS, JR.  
Clerk of the Circuit Court

GEN. NO. 04 LA 206  
☐ Jury ☒ Non-Jury

Finova Capital vs. Judy Petersen

Date 11/22/05  Plaintiff's Attorney Muehling  Defendant's Attorney _____

### ORDER

This matter coming before the Court for hearing on plaintiff's motion to disqualify James F. Bishop as attorney for defendant Judy Petersen, the Court being advised that the parties have agreed to entry of this order and that Mr. Bishop may be used as a witness in the trial of this matter;

James F. Bishop voluntarily withdraws as attorney for defendants herein;

Judy Petersen is granted 28 days for new counsel to file an appearance;

this matter is continued to January 12, 2006 at 9 am for status

Prepared by: Bishop  
Attorney for: _____  
Attorney Registration No.: _____  
Judge _____