07/25/2008  12:41    312-264-1000         REED SMITH LLP                    PAGE  02/04

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

## PARTIES' JOINT PROPOSED CASE MANAGEMENT ORDER

I. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held in ___FINOVA Capital Corp. v. Bishop, No. 3:08-cv-50060___ on ___7/23/2008___ and was attended by:

_____Joseph B. Prater_____ for Plaintiff __FINOVA Capital Corporation___

_____Stephen Carponelli_____ for Defendant _____James Bishop_____

II. The Fed. R. Civ. P. 26(a)(l) material will be exchanged by ___8/20/2008___.

III. Alternative Dispute Resolution Mediation. Counsels hereby certify that their clients have read the Pamphlet governing the court's mediation program, that counsels have discussed with their respective clients the available dispute resolution options provided by the court and private entities, and that counsels have given an estimation of the fees and costs that would be associated with the litigation of this matter, through trial, to their clients. Further, counsels have provided to their clients an estimate of the fees and expenses reasonably expected to be incurred through an early successful mediation. Counsels certify that they have discussed the available ADR options with their clients and have considered how this case might benefit from those options. Lastly, if this is a fee shifting case, defense counsels certify they have discussed the advantages and disadvantages of making a Rule 68 offer of judgment.

☐ Parties have agreed on early mediation. _____has been chosen as the mediator. The mediation shall be held within 60 days of this order. Discovery (shall)(shall not) be stayed during the 60 days of referral. Pursuant to ADR local rules, this case is hereby referred to mediation. Counsels and parties will submit evaluations to the Court within ten days of the conclusion of mediation.

☐ Parties have agreed on mediation. _____has been chosen as the mediator. The parties believe the best time to mediate would be _____ and request the matter be referred to mediation at that time. Counsels and parties will submit mediation evaluations to the Court within ten days of the conclusion of mediation.

☐ Parties request an immediate settlement conference with the Magistrate Judge.

☐ Parties plan to utilize private ADR. (Parties shall explain the private ADR and when it will take place).

☒ Parties request this case be excused from ADR.

CHIUB-2194278.2-JBPRATER

07/25/2008  12:41    312-264-1800          REED SMITH LLP                          PAGE  03/04

IV. Discovery Plan. The parties jointly propose to the court the following discovery plan:

A)    Discovery will be needed on the following subjects:

Defendant's involvement in the transfer of assets out of Judith Petersen's interest and control during 2001 and 2002.

B)    Maximum of ___5___ interrogatories by each party to any other party.

C)    Maximum of ___30___ requests for admission by each party to any other party.

D)    Maximum of ___6___ depositions by Plaintiff(s) and ___2___ by Defendants(s).

E)    Each deposition shall be limited to a maximum of ___7___ hours unless extended by agreement of the parties.

F)    Fact discovery cut-off is set for _____10/01/2008_____.

G)    Report from retained expert for the Plaintiff under Rule 26(a)(2) due ____11/04/2008____. Deposition of Plaintiff's expert shall be taken by ____12/04/2008____. Report from retained expert for Defendant under rule 26(a)(2) due ____11/04/2008____. Deposition of Defendant's expert shall be taken by ____12/04/2008____. Supplementations under Rule 26(e) will be scheduled by the court at the request of the parties.

H)    All discovery shall be cut off by ____12/04/2008____ (should be no longer than date for Defendant's expert deposition).

I)    Time for the parties to amend pleadings and add counts or parties is hereby established as ____08/29/2008____.

J)    The parties suggest the next discovery conference with the court be ____08/27/2008____.

All dispositive motions will be due 30 days after the fact discovery cut-off date unless otherwise ordered by the court and the parties agree pleadings, motions and briefs may be exchanged by e-mail, fax or other electronic means.

V. Electronically Stored Information.

Electronically stored information that can reasonably be anticipated to be relevant to the litigation will be preserved. The primary source of electronically stored information for production should be active data and information used in the ordinary course of business.

In order for the court to order a search, the requesting party will need to demonstrate that the need and relevancy of the material outweigh the cost and burden of retrieving and processing the electronically stored information from such sources, including the disruption of business and the information management activities.

CHRLIB-2194278.2-JBPRATER

07/25/2008  12:41    312 204-1000              REED SMITH LLP                    PAGE  04/04

When balancing the cost, burden and need for electronically stored information, the courts and the parties will apply the proportionality standard embodied in Fed. R. Civ. P. 26(b)(2)(C) which requires consideration of the technological feasibility and realistic costs of preserving, retrieving, reviewing, and producing electronically stored information, as well as the nature of the litigation and the amount in controversy.

All formats primarily used for backup or disaster recovery purposes and any computer servers, external hard drives, notebooks, or personal computer hard drives created for disaster recovery purposes and not used in the ordinary course of business operations are presumed to present a burden which outweighs the relevancy of data preserved in such formats and need not be searched absent relevance and special need.

Absent a showing of relevance and special need, a responding party will not be required to preserve, review or produce deleted, shadowed, fragmented or residual electronically stored information.

Respectfully submitted this 28th day of July, 2008.

Joseph B. Prater
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois  60606
(312) 207-1000
(312) 207-6400 (Fax)
jprater@reedsmith.com

*Attorneys for Plaintiff FINOVA Capital Corp.*

Stephen Carponelli
Carponelli & Krug
230 W. Monroe St., Suite 250
Chicago, IL 60606
312-372-2707
eastonlaw@aol.com

*Attorneys for Defendant James Bishop*

CHILIB-2194278.2-JBPRATER