## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| FINOVA CAPITAL CORPORATION, | ) | |
| | ) | Case No. 08 C 50060 |
| Plaintiff, | ) | |
| v. | ) | Judge Frederick J. Kapala |
| | ) | Magistrate P. Michael Mahoney |
| JAMES BISHOP, | ) | |
| | ) | Courtroom No. 220 / 206 |
| Defendant. | ) | |

### DEFENDANT JAMES BISHOP'S REPLY IN SUPPORT OF HIS MOTION
### TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO CIV.R. 12(b)(6)

_____NOW COMES Defendant, James Bishop ("Bishop"), by and through his attorneys, Carponelli & Krug, and for his Reply in Support of His Motion to Dismiss Plaintiff's Complaint, states as follows:

### I. CASE BACKGROUND

Bishop is a lawyer in good standing in the State of Illinois. He has practiced law continuously since 1966. On or about April 9, 2008, Plaintiff filed its Complaint in the above-captioned matter. In the Complaint, Plaintiff alleges that Bishop conspired with one of his former clients and her husband to backdate documents in an effort to transfer her personal assets and avoid the payment of debts to Plaintiff.

On or about July 28, 2008, Bishop filed his Motion to Dismiss Plaintiff's Complaint Pursuant to Civ.R. 12(b)(6). Bishop's Motion to Dismiss cites the applicable statutes of limitation for this case, the pertinent case law, and points out the inadequacies in Plaintiff's pleading which warrant its dismissal. In its Response Brief, Plaintiff Finova Capital Corporation ("Finova") claims that a statute of limitations period is more appropriate as an affirmative defense than the substance of a

Civ.R. 12(b)(6) motion to dismiss, cites a different Illinois statute concerning the limitation of actions claiming that it is the correct statute to be applied, and states that the substantive case law cited in Bishop's Motion is inapplicable in the federal court.

For the reasons given below, Bishop respectfully requests this Court to reject Finova's arguments, and after considering the statutes, case law and arguments set forth by Bishop, to dismiss Finova's Complaint as time barred.

## II. STANDARD OF REVIEW

In considering a motion to dismiss, "the Court accepts as true the well-pleaded allegations in plaintiff's complaint and views those allegations and any reasonable inferences to be drawn therefrom in the light most favorable to plaintiff." Yeksigian v. Nappi, 900 F.2d 101, 102 (7th Cir. 1990). The plaintiff is not required to set out in detail the facts upon which his claims are based; however, he must allege facts sufficient to outline the particular causes of action he intends to assert. Doe ex rel. Doe v. St. Joseph's Hospital, 788 F.2d 411, 414 (7th Cir. 1986). The Court's analysis is limited solely to the allegations in plaintiff's complaint; it does not consider factual allegations contained only in a legal memorandum. Rodgers v. Lincoln Towing Service, Inc., 771 F.2d 194, 198 (7th Cir. 1985). While providing a liberal construction to plaintiff's pleading, the Court is not required to accept legal conclusions either alleged or inferred from pleaded facts. Mescall v. Burrus, 603 F.2d 1266, 1269 (7th Cir. 1979).

The Court will dismiss pursuant to Rule 12(b)(6), where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); see also Prince v. Rescorp Realty, 940 F.2d 1104, 1106 (7th Cir.1991)." Lewis v. Northern Trust Co., 1992 WL 211069, *2 (N.D.Ill.).

Dismissal "under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense. *See* <u>United States v. Lewis</u>, 411 F.3d 838, 842 (7th Cir.2005)." <u>Hollander v. Brown</u>, 457 F.3d 688, 691 (7th Cir. 2006).

### III. ARGUMENT

**A.** ____ **The Statute of Limitations Period is a Proper Basis for Bishop's Civ.R. 12(b)(6) Motion to Dismiss**.

On Pages 1 and 2 of its Response Brief and again in footnote 1 on pages 5 and 6, Finova cites <u>Xechem, Inc. v. Bristol-Myers Squibb Co.</u>, 372 F.3d 899 (7th Cir. 2004) and <u>Reiser v. Residential Funding Corp.</u>, 380 F.3d 1027 (7th Cir. 2004) to support its premise that statute of limitations periods are generally set forth as an affirmative defense, and rarely used as the basis for a Civ.R. 12(b)(6) motion to dismiss. These cases by no means preclude the use of a statute of limitations period for Civ.R. 12(b)(6) purposes.

As noted in <u>Hollander v. Brown</u>, 457 F.3d 688 (7th Cir. 2006), although "a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense, ... dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense. *See* <u>United States v. Lewis</u>, 411 F.3d 838, 842 (7th Cir.2005)." <u>Hollander</u> at 691. This circumstance is similar to the circumstances of the matters in issue, and Bishop's Motion to Dismiss is appropriate.

**B.** ____ **The State Statutes and Case Law Cited by Bishop in His Motion to Dismiss Are Applicable in Federal Court.**

In Argument I. of its Response Brief, Finova states that it has not attempted to assert a fraud

claim in its Complaint, and states that the use of state court cases in Bishop's Motion to Dismiss is inapplicable in federal court.

With respect to Finova's statement that it is not attempting to make any claim concerning fraud, reinforced by its statement that Civ.R. 9(b) is irrelevant to the allegations made in its Complaint, the federal courts have found such "concession[s] of excludability to be 'in the nature of a judicial admission, and such an admission has the effect of withdrawing an issue from controversy.' Selimi v. I.N.S., 312 F.3d 854, 860 (7th Cir. 2002)." Qureshi v. Gonzales, 442 F.3d 985, 990 (7th Cir. 2006). Bishop submits that through its Response Brief, Finova has removed any issues of fraud from the case at hand.

With respect to the applicability of state court cases and statutes of limitations, a "Court sitting in diversity will apply the procedural and substantive law of the forum state, including its statute of limitations. See Reinke v. Boden, 45 F.3d 166, 172 (7th Cir. 1995) (holding that 'it is clear that, as a general rule, Illinois considers statute of limitations matters to be procedural' and thus binding on federal courts in diversity suits)." Cotton v. Private Bank & Trust Co., 2004 WL 526739 (N.D.Ill., 2004).

Further, Bishop presented the applicable case law in his Motion to Dismiss as to the statute of limitations period, and for stating a cause of action for fraud and fraudulent concealment. Finova discounts the cases cited by Bishop, however, the Illinois substantive law applies. This is "a diversity action, and therefore our duty is to apply the substantive law of Illinois, as we believe the highest court of the state would apply it." Association Ben. Services, Inc. v. Caremark RX, Inc., 493 F.3d 841, 849 (7th Cir. 2007). See also Erie v. Tompkins, 304 U.S. 64, 78 (1938). For brevity, Bishop incorporates by reference his arguments contained in Section B of his Motion to Dismiss

regarding the infirmities of Finova's fraud and fraudulent concealment allegations.

For these reasons, Bishop respectfully requests that this Court find that Finova has failed to state a cognizable cause of action against Bishop for fraud of any kind, and, that Finova has waived any right it may have had to make allegations against Bishop sounding in fraud in the future because of its own judicial admission concerning same.

**C.     Plaintiff's Complaint Has Been Filed Beyond the Statute of Limitations and Repose Period for Actions Against Attorneys in the State of Illinois, and Should Be Dismissed.**

In its Response, Finova complains that Bishop is attempting to apply the wrong statute of limitations period to the matter in issue. The statute applied by Bishop, 735 ILCS 5/13-214.3 – Attorneys, falls under Article 13 which is simply entitled "Limitations." Finova refers to this statute as one for "attorney malpractice," although the word "malpractice" is not contained in this statute at all. This conclusory language is borrowed from one of the cases cited by Finova, Ganci v. Blauvelt, 294 Ill.App.3d 508, 515, 690 N.E.2d 649, 653 (4th Dist., 1998), however, that case relies upon a terse argument concerning "professional duty." The words "professional duty" are not contained in the statute either. Finova's second case in support of its "attorney malpractice" / "professional duty" characterization is Bova v. U.S. Bank, N.A., 446 F. Supp.2d 926, 933-34 (S.D.Ill., 2006), however, Bova simply relies upon the laconic Ganci analysis and the concept of "professional duty" which is not part of the statute. The case Cotton v. Private Bank & Trust Co., 2004 WL 526739 at 3-4 (N.D.Ill., 2004) cited by Finova highlights the fact that the Ganci analysis from the Fourth District is based on qualifications, and the Illinois Supreme Court has never ruled on the application of the sections of the statute cited by Bishop in his Motion to Dismiss. For example, Petersen v. Wallach, 198 Ill.2d 439, 764 N.E.2d 19 (2002), notes that 735 ILCS

5/13-214.3(**d**) (a section not in issue in the present case) is very broad, yet the court in <u>Cotton</u> acknowledges that ruling, and then significantly narrows the scope of another section of the same statute by interjecting its own "fiduciary duty" requirement in the application of 735 ILCS 5/13-214.3(**b**) (a section that *is* in issue in the present case.)  The cases Finova relies upon contain what can only be described as a questionable result with respect to the application of 735 ILCS 5/13-214.3.

The interpretation of a statute "is a question of law, subject to de novo review. <u>Yang v. City of Chicago</u>, 195 Ill.2d 96, 103, 253 Ill.Dec. 418, 745 N.E.2d 541 (2001).  The fundamental principle of statutory construction is to determine and give effect to the intent of the legislature.  <u>In re Estate of Dierkes</u>, 191 Ill.2d 326, 331, 246 Ill.Dec. 636, 730 N.E.2d 1101 (2000).  The best means of determining legislative intent is through the statutory language.  <u>In re Application of the County Collector of Du Page County for Judgment for Delinquent Taxes for the Year 1992</u>, 181 Ill.2d 237, 244, 229 Ill.Dec. 491, 692 N.E.2d 264 (1998).  When the meaning of a statute is not clearly expressed in the statutory language, a court may look beyond the language employed and consider the purpose behind the law and the evils the law was designed to remedy.  <u>Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.</u>, 158 Ill.2d 76, 81, 196 Ill.Dec. 655, 630 N.E.2d 820 (1994).  When the language of an enactment is clear, it will be given effect without resort to other interpretative aids.  <u>Michigan Avenue National Bank v. County of Cook</u>, 191 Ill.2d 493, 504, 247 Ill.Dec. 473, 732 N.E.2d 528 (2000); <u>Davis v. Toshiba Machine Co., America</u>, 186 Ill.2d 181, 184-85, 237 Ill.Dec. 769, 710 N.E.2d 399 (1999); <u>Epstein v. Chicago Board of Education</u>, 178 Ill.2d 370, 375-76, 227 Ill.Dec. 560, 687 N.E.2d 1042 (1997), quoting <u>Barnett v. Zion Park District</u>, 171 Ill.2d 378, 389, 216 Ill.Dec. 550, 665 N.E.2d 808 (1996)." <u>Petersen v. Wallach</u>, 198 Ill.2d 439, 444-

45, 764 N.E.2d 19, 22-23 (2002).

For reference, 735 ILCS 5/13-214.3 – Attorneys, is provided in its entirety below:

Sec. 13-214.3. Attorneys.

(a) In this Section: "attorney" includes (i) an individual attorney, together with his or her employees who are attorneys, (ii) a professional partnership of attorneys, together with its employees, partners, and members who are attorneys, and (iii) a professional service corporation of attorneys, together with its employees, officers, and shareholders who are attorneys; and "non-attorney employee" means a person who is not an attorney but is employed by an attorney.

(b) An action for damages based on tort, contract, or otherwise (i) against an attorney arising out of an act or omission in the performance of professional services or (ii) against a non-attorney employee arising out of an act or omission in the course of his or her employment by an attorney to assist the attorney in performing professional services must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought.

(c) Except as provided in subsection (d), an action described in subsection (b) may not be commenced in any event more than 6 years after the date on which the act or omission occurred.

(d) When the injury caused by the act or omission does not occur until the death of the person for whom the professional services were rendered, the action may be commenced within 2 years after the date of the person's death unless letters of office are issued or the person's will is admitted to probate within that 2 year period, in which case the action must be commenced within the time for filing claims against the estate or a petition contesting the validity of the will of the deceased person, whichever is later, as provided in the Probate Act of 1975.

(e) If the person entitled to bring the action is under the age of majority or under other legal disability at the time the cause of action accrues, the period of limitations shall not begin to run until majority is attained or the disability is removed.

(f) This Section applies to all causes of action accruing on or after its

<u>effective date</u>.

*See* 735 ILCS 5/13-214.3 (West 2008) (underlining added).

Please note that the concepts relied upon by Finova in <u>Ganci</u>, <u>Bova</u>, and <u>Cotton</u> in order to use a more general statute are not addressed in the statute. The words "malpractice," "attorney malpractice," "legal malpractice," "duty," "professional duty," "professional relationship," and / or "fiduciary duty" are not contained in the statute. The cases Finova relies upon ignore the plain meaning of the statute and add new concepts to come to a novel result. In Finova's Complaint, it acknowledges that Bishop is an attorney licenced to practice law in the state of Illinois (*see* 735 ILCS 5/13-214.3(a)), and alleges that Bishop committed acts and / or omissions in the performance of professional services as an attorney in the state of Illinois (*see* 735 ILCS 5/13-214.3(b)). Finova's allegations match 735 ILCS 5/13-214.3(a) and (b) with precision. The statute also states that actions against the attorney in performing the professional services must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought (*see* 735 ILCS 5/13-214.3(b)), and an action described in subsection (b) may not be commenced in any event more than 6 years after the date on which the act or omission occurred (*see* 735 ILCS 5/13-214.3(c)). The limitation and repose period are the subject of Bishop's Motion to Dismiss.

It is well established "that the primary objective of this court when construing the meaning of a statute is to ascertain and give effect to the legislature's intent. <u>Boaden v. Department of Law Enforcement</u>, 171 Ill.2d 230, 237, 215 Ill.Dec. 664, 664 N.E.2d 61 (1996). In determining the intent of the legislature, we begin with the language of the statute, the most reliable indicator of the legislature's objectives in enacting a particular law. <u>Nottage v. Jeka</u>, 172 Ill.2d 386, 392, 217 Ill.Dec.

298, 667 N.E.2d 91 (1996). The statutory language must be given its plain and ordinary meaning, and, where the language is clear and unambiguous, we must apply the statute without resort to further aids of statutory construction. <u>Davis v. Toshiba Machine Co., America</u>, 186 Ill.2d 181, 184-85, 237 Ill.Dec. 769, 710 N.E.2d 399 (1999). One of the fundamental principles of statutory construction is to view all provisions of an enactment as a whole. Words and phrases should not be construed in isolation, but must be interpreted in light of other relevant provisions of the statute. <u>Antunes v. Sookhakitch</u>, 146 Ill.2d 477, 484, 167 Ill.Dec. 981, 588 N.E.2d 1111 (1992). In construing a statute, courts presume that the General Assembly, in the enactment of legislation, did not intend absurdity, inconvenience, or injustice. <u>Harris v. Manor Healthcare Corp.</u>, 111 Ill.2d 350, 362-63, 95 Ill.Dec. 510, 489 N.E.2d 1374 (1986)." <u>Michigan Ave. Nat. Bank v. County of Cook</u>, 191 Ill.2d 493, 503-04, 732 N.E.2d 528, 535 (2000).

Illinois law is clear, "that any action against an attorney under Illinois law, whether for tort, contract, or otherwise, 'arising out of an act or omission in the performance of professional services,' is treated as legal malpractice and 'must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought.' 735 ILCS 5/13-214.3(b)." <u>Salon Group, Inc. v. Salberg</u>, 2002 WL 1058120, 2 (N.D.Ill.,2002).

Finally, it is a "principle of statutory construction 'that a more specific statute will be given precedence over a more general one.' <u>United States v. Olinger</u>, 759 F.2d 1293, 1299 (7th Cir.), cert. denied, 474 U.S. 839, 106 S.Ct. 120, 88 L.Ed.2d 98 (1985), quoting <u>Busic v. United States</u>, 446 U.S. 398, 406, 100 S.Ct. 1747, 1753, 64 L.Ed.2d 381 (1980)." <u>Mosley v. Moran</u>, 798 F.2d 182, 186 (7th Cir. 1986). Illinois statute 735 ILCS 5/13-214.3 fits the circumstances as alleged by Finova

perfectly.  Finova's reliance on the broadest catchall statute which is self described as being for "all civil actions not otherwise provided for," 735 ILCS 5/13-205, is inappropriate and does not comport with basic principles of law.

**D.____If 735 ILCS 5/13-205 Did Apply to the Case at Hand, Which Bishop Denies, Plaintiff Has Still Filed its Complaint Beyond the Statute of Limitations.**

Plaintiff insists that the appropriate Illinois statute for the limitation on actions is 735 ILCS 5/13-205, which Bishop denies for the reasons given above.  Even if 735 ILCS 5/13-205 is applied, however, Finova has failed to file its Complaint within that period as well.  Illinois statute 735 ILCS 5/13-205 – Five Year Limitation, is provided below in its entirety:

> Sec. 13-205.  Five Year Limitation.
>
> Except as provided in Section 2-725 of the "Uniform Commercial Code", approved July 31, 1961, as amended, and Section 11-13 of "The Illinois Public Aid Code", approved April 11, 1967, as amended, <u>actions on</u> unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and <u>all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued.</u>
>
> *See* 735 ILCS 5/13-205 (West 2008) (underlining added).

In Finova's Response Brief it asserts that the cause of action for civil conspiracy accrues after the "last overt act" and claims that the last over act in this case was the alleged "use" of the documents complained of, however, the last "use" is not the standard to be applied as explained in <u>Maxwell v. Village of Sauget, Illinois</u>.  The continuing violation doctrine "provides generally that '[w]here a tort involves continuing or repeated injury … the statute of limitations does not begin to run until the date of the last injury or when the tortious acts cease.'  <u>Mount v. LaSalle Bank Lake View</u>, 886 F.Supp. 650, 652 (N.D.Ill.1995) (quoting <u>Hyon Waste Mgmt. Servs., Inc. v. City of Chicago</u>, 574 N.E.2d

129, 132 (Ill.App.Ct.1991)). *See also* <u>Dudley Enters., Inc. v. Palmer Corp.</u>, 822 F.Supp. 496, 505

(N.D.Ill.1993). In the particular context of a claim of civil conspiracy, this means that '[t]he statute

of limitations ... runs from the commission of the last overt act alleged to have caused damage.'

<u>Austin v. House of Vision, Inc.</u>, 243 N.E.2d 297, 299 (Ill.App.Ct.1968). Importantly, however,

'where there is but one overt act from which subsequent damages may flow, ... the statute begins to

run on the date the defendant invaded the plaintiff's interest and inflicted injury, and this is so despite

the continuing nature of the conspiracy.' <u>Id</u>. *See also* <u>MBL (USA) Corp. v. Diekman</u>, 484 N.E.2d

371, 376 (Ill.App.Ct.1985). <u>Cf. Scherer v. Balkema</u>, 840 F.2d 437, 439 (7th Cir.1988)." <u>Maxwell</u>

<u>v. Village of Sauget, Illinois</u>, 2007 WL 420195, 5 (S.D.Ill., 2007). The "[i]njury and damage in a

civil conspiracy action flow from the overt acts, not from ... the mere continuance of a conspiracy

.... Consequently, the cause of action runs separately from each overt act that is alleged to cause

damage to the plaintiff .... Accordingly, plaintiffs may recover only for the overt acts ... that they

specifically alleged to have occurred within the ... limitations period." <u>Id</u>.

     In Finova's Complaint, it alleges that Bishop created documents and backdated them. Finova

does not state that it was prevented from making a reasonable inquiry or inspection of the documents

it complains of, and characterizes Bishop's role in the supposed civil conspiracy as "concealment."

Generally, "concealment must consist of affirmative acts or representations that are calculated to lull

or induce a claimant into delaying filing his claim or to prevent a claimant from discovering his

claim. <u>Smith v. Cook County Hospital</u>, 164 Ill.App.3d 857, 115 Ill.Dec. 811, 518 N.E.2d 336

(1987). Mere silence on the part of the defendant and failure by the claimant to learn of the cause

of action are not enough." <u>Barratt v. Goldberg</u>, 296 Ill.App.3d 252, 257, 694 N.E.2d 604, 608 (1st

Dist., 1998). Plaintiff fails to allege that Bishop actively prevented Plaintiff from discovering

anything. This squarely places Bishop's supposed "last overt act" in December of 2001 and January of 2002, the date which Bishop allegedly created the documents. Since Finova has waited until April of 2008 to file its Complaint, its claims are being raised more than *six years* after the alleged creation of the documents authorizing property transfers.

For these reasons, even if 735 ILCS 5/13-205 is applied as Finova now insists, it has brought its claims more than a year after the statutory period ran out, and Finova's Complaint should be dismissed in its entirety, accordingly.

**E.    Finova is Not Entitled to Attorney's Fees, and its Request for Relief in the Form of an Award for Attorney's Fees Should Be Stricken.**

In the prayer for relief in its Complaint, Finova requests an award for its attorney's fees, however, this request is not in accordance with the "American Rule" and should be stricken.

The rule in the United States "has long been that attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor. This Court first announced that rule in Arcambel v. Wiseman, 3 Dall. 306, 1 L.Ed. 613 (1796), and adhered to it in later decisions. *See, e.g.*, Hauenstein v. Lynham, 100 U.S. 483, 25 L.Ed. 628 (1880); Stewart v. Sonneborn, 98 U.S. 187, 25 L.Ed. 116 (1879); Oelrichs v. Spain, 15 Wall. 211, 21 L.Ed. 43 (1872); Day v. Woodworth, 13 How. 363, 14 L.Ed. 181 (1852). In support of the American rule, it has been argued that since litigation is at best uncertain one should not be penalized for merely defending or prosecuting a lawsuit, and that the poor might be unjustly discouraged from instituting actions to vindicate their rights if the penalty for losing included the fees of their opponents' counsel. Cf. Farmer v. Arabian American Oil Co., 379 U.S. 227, at 235, 85 S.Ct. 411, at 416, 13 L.Ed.2d 248 (1964); id., at 236-239, 85 S.Ct. 417-418 (concurring opinion of Mr. Justice Goldberg). Also, the time, expense,

and difficulties of proof inherent in litigating the question of what constitutes reasonable attorney's fees would pose substantial burdens for judicial administration. <u>Oelrichs v. Spain</u>, *supra*, 15 Wall. at 231." <u>Fleischmann Distilling Corp. v. Maier Brewing Co.</u>, 386 U.S. 714, 717-18 (1967). It would be inappropriate for the Judiciary, without legislative guidance, to reallocate the burdens of litigation in the manner and to the extent urged by Finova in this case. *See* <u>Alyeska Pipeline Service Co. v. Wilderness Society</u>, 421 U.S. 240, 247 (1975).

For these reasons, Bishop respectfully requests that this court strike Finova's prayer for relief in the form of attorney's fees.

## V. CONCLUSION

For the above stated reasons, Defendant James Bishop respectfully requests this Court to dismiss Plaintiff's Complaint as time barred, to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, and to strike Plaintiff's prayer for attorney's fees.

WHEREFORE, Defendant James Bishop respectfully requests that judgment be entered in his favor and against Plaintiff, for his fees, costs and expenses, and for any other relief this Court deems just and proper.

Respectfully submitted,
James Bishop


By:    s/ Stephen Carponelli
        One of his attorneys

Stephen P. Carponelli (ARDC 0397547)
Carponelli & Krug
230 West Monroe Street, Suite 250
Chicago, Illinois 60606
Tel:    (312) 372-2707
Fax:    (312) 641-6174